CASE 47—PETITION EQUITY—MAY 13.

# Marion National Bank v. Thompson, &c.

APPEAL FROM MARION CIRCUIT COURT.

1. USURY—PENALTIES—NATIONAL BANKS.—Under the provisions of section 5198, of the Revised Statutes of the United States, if a national bank, knowingly stipulates for an illegal rate of interest, and which interest is not actually paid, only the sum lent without interest can be recovered. In this case at several renewals of the note the sums of interest were added in the face of the note, and subsequently paid, and the court applied the sums so paid to the principal of the note, thereby applying as a set-off on the note the sums of interest paid, which is held to be erroneous. Under the same statute where illegal interest has been paid, twice the amount so paid can be recovered in a penal action against the bank, if the same be brought within two years after the transaction, and such penalty can only be recovered in the manner provided in the statute. The court should have rendered a judgment for the face of the note with interest from the date of the judgment.

2. SAME.—A separate note for an instalment of usurious interest was properly cancelled by the court.

W. J. LISLE FOR APPELLANT.

1. National banks are not regulated by State laws with reference to penalties and forfeitures for charging usurious interest, and their action must be controlled exclusively by the Federal laws. Farmers' & Mechanics' Nat. Bank. v. Dearing, 91 U. S., 29; Bran v. Munsey National Bank, 98 U. S., 555; Stephens v. Monongahela National Bank, 111 U. S., 137; Center Nat. Bank v. Pratt, 115 Mass., 539; First Nat. Bank v. Garland, 22 Ohio State, 492;

Davis v. Randall 115 Mass., 547; Huntermeister v. First National Bank, 64 N. Y., 212; Wheeler v. Starback, 44 Ind., 298; Henderson National Bank v. Alves, 12 Ky. Law Rept., 726; Brown v. Marion Nat. Bank, 92 Ky., 607; secs. 5197 and 5198, U. S. Revised Statutes.

2. The Federal Statute gave the court no power or authority to apply the usurious interest paid or any part of it as a payment on the debt sued on. For usurious interest paid the federal law gives the obligor ample remedy, which remedy they have not followed in this case.

3. Even if the State law could have been propertly applied in this case, the court could have only applied as a payment the excess over the 6 per cent.

4. It was improper in the court to apply the interest paid to the principal of the debt, under the federal statute. Dresback v. Nat. Bank, 104 U. S., 52; Stevens v. Monongahela Nat. Bank, 111 U. S., 197; Carter v. Caruski, 112 U. S., 478.   It would be different where the usurious interest has been included in the note and the note with such interest carried forward through several renewals.   Peoples v. First Nat. Bank, 15 Ky Law Rept., 478.

JOHN McCHORD FOR APPELLEE.

1. The note was never free from the beginning of usurious interest; it was contaminated from the beginning, and could bear no interest.   And under such circumstances the payments of usurious interest should be applied to the principal.   Sydner v. Mt. Sterling, Nat. Bank, 94 Ky., 231.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

On September 29, 1885, G. T. Thompson with C. R. Thompson surety presented a promissory note to the Marion National Bank for discount, payable four months after date for $4,304 40.   The bank reserved the interest at 7 per cent. It paid Thompson $4,199 83, reserving $104 57, which was the interest for the time stated.   The note was renewed every four months, the three days of grace added until the 27th of November, 1893, when the note in question for

$4,000 was executed. The interest was paid at the time of the various renewals, except June 7th, 1887, June 22d, 1889, July 6th, 1891, March 8th, 1893, July 24th, 1893, and at these renewals the interest for the ensuing four months was add-ed to the amount of the note, which had been previously given, and the new note given for the amount of the previous note, and the interest thus added. From the answers which the cashier of the bank made to the interrogatories pro-pounded, and from his deposition, it appears that the inter-est thus added in the note was paid at dates subsequent to the time the interest was added in the note. At one time $620 was paid, at another a note for $316 25 was given for the interest which had been embraced in the note. In all these renewals, interest was calculated at 7 per cent. The court below adjudged that all payments of interest at the several renewals from June 7th, 1887, be applied as payments on the original sum borrowed. The court fixes the princi-pal of the debt at $4,199 83, and the credits as we have in-dicated, $2,132 93, being the aggregate payments of interest since June 7th, 1887. The court also adjudged the note for $316 35 should be cancelled, because it was executed for installments of interest which embraced usury. In other words, the court has applied as credits on the note, the amount actually paid at renewals, and also interest which had been embraced in the note and subsequently paid. The legal rate of interest in this State is 6 per cent per annum. The Revised Statutes of the United States contains pro-visions as follows:

Section 5197. "Any association may take, receive, reserve and charge on any loan or discount made, or upon any

note, bill of exchange, or other evidences of debt, interest at the rate allowed by the laws of the State, Territory, or district where the bank is located, and no more, except that where by the laws of any State, a different rate is limited for banks of issue organized under State laws. The rate so limited shall be allowed for associations organized or existing in any such State under this title. When no rate is fixed by the laws of the State or Territory or district, the bank may take, receive, reserve, or charge a rate not exceeding seven per centum, and such interest may be taken in advance, reckoning the days for which the note, bill or other evidence of debt is to run" * * * * * * * * * * .

Section 5198. "The taking, receiving, reserving or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case a greater rate of interest has been paid the person by whom it has been paid or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association, taking or receiving the same, provided such action is commenced within two years from the time the usurious transaction occurred * * * * * * * *

A national bank is authorized to take, receive, reserve or charge on loans, interest at the rate of 6 per cent. If a greater sum than that is taken, received, reserved or charged on any loan or discount made it has violated the law. By section 5198, when this is knowingly done, there is a forfeiture of the entire interest which the note, bill or other evidence of debt, carries with it, and which has been agreed

to be paid thereon.   As a penalty, if the bank has been paid
the interest, the person by whom it has been paid, or his
legal representatives may recover back in an action in the na-
ture of an action of debt, twice the amount of interest thus
paid, providing such action has commenced within two
years from the time the usurious transaction occurred. If
a note is given for a sum, and also an amount which is in-
terest at the usurious rate, the note carries the interest with
it, whether that be shown by the writing or not.   If the
note purports to draw interest at a usurious rate when there
is an agreement to pay interest on the note, when the note
is renewed for a given time at a usurious rate of interest
and that interest be embraced in the renewal note for the
time it is to run, then the note carries with it the inter-
est; so whatever usurious interest is embraced in the note,
or whatever interest at a usurious rate, it purports to draw,
in an action on a note for such interest it thus carries with
it must be adjudged to be forfeited.   When the interest has
been actually paid, then the person by whom it has been
paid, or his legal representative may recover back in a
separate action in the nature of an action of debt, twice the
amount of the interest thus paid.   This latter provision is
in the nature of a penalty.

In discussing this question in Barnet against National
Bank, 98 U. S., 558., the court said, "Two categories are thus
defined and the consequences denounced.   1. Where illegal
interest has been knowingly stipulated for but not paid,
then only the sum lent without interest can be recovered.
2. Where such illegal interest has been paid then twice the
amount so paid can be recovered in a penal action of debt

or suit in the nature of such action against offending bank, brought by the persons paying the same or their legal representatives." The court in that case sharply and clearly recognizes and draws a distinction between interest "stipulated for and not paid" and a case where the illegal interest has been paid. In Farmers' & Mechanics' National Bank against Dearing, 91 U. S. 32, the same distinction is recognized and stated. In that case (36) the court, in stating the difference between the National Banking act of 1863 and the present one said: "In the act of 1864, the forfeiture of the debt is omitted, and there is substituted for it a forfeiture of the interest stipulated for, if it had only been reserved, and the recovery of twice the amount where the interest has been actually paid."

The court in the same case said that the plaintiff below was entitled to recover the principal of the note sued upon, less the amount of the interest unlawfully reserved. The court in the case of Farmers' & Mechanics' Bank of Mercer against Hoagland 7 Federal Rept., 161, said: "By the terms of the act of Congress the charging of such rates of interest worked a forfeiture of the entire interest which the several notes carry with them. Now such forfeiture was not waived by the giving of the subsequent notes, although as respects them the agreed rate of interest was a legal rate. They were mere renewals and given without any new consideration. Nor did the new notes operate as payment of the debts for which they were given. In so far, then, as the notes in suit embrace the forfeited interest, they are without consideration." Many cases could be cited to the same effect. As we have said the court applied the amount actually paid

at the several renewals of the note to the principal of the note. This was error. The defendant was not entitled to apply as an off-set on the note the sums of interest which he actually paid. The statute requires that where the interest has been paid, the party paying it or his legal representatives may recover in an action in the nature of an action of debt. As we have said the recovery provided for is in the nature of a penalty, and can only be recovered in the manner provided by the statute. The statute de-nounced a penalty, and prescribed a remedy. When a stat-ute creates a new offense and denounces a penalty, or gives a new right and declares a remedy, the punishment or reme-dy can be only that which the statute prescribes. Strafford v. Ingersol, 3 Hill, 38; First National Bank of Whitehall v. Lamb, 57 Barbour, 429.

This court has frequently enunciated the same doctrine.

In Barret against National Bank, *supra* 559, the court said: "While the plaintiff in such cases, upon making out the facts, has a clear right to recover, the defendant has a right to insist that the prosecution shall be by a suit brought specially and exclusively for that purpose, where the sole issue is the guilt or innocence of the accused, without the presence of any extraneous facts which might confuse the case, and mislead the jury to the prejudice of either party. The court held in that case that payments of usurious interest such as were made in this case could not be applied by way of off set or payments to the obligation in suit."

This doctrine the court adhered to in Stephens against Monongahela Bank, 111 U. S. 197. That case was an action of a national bank against a surety upon a note to recover the

amount of a note.   It was held that he had no right to have
usurious interest paid by the principal in discount or renew-
als of the note applied to the payment of the principal of the
debt.  The same doctrine was re-affirmed in Driesbach against
National Bank, 104 U. S.   An action to recover double the
amount of usurious interest paid must be brought within two
years after the transaction occurred in which the usury is
paid.  To illustrate, suppose there has been several renewals
of the note, the interest paid at each renewal, the cause of
action accrues the instant the usury is paid; unless it is
brought two years from the time of the usurious transaction
the statute bars the recovery.   In effect the court
in this case adjudged the defendants pay an amount, equal
to one-half of the penalties, they would have been entitled
to recover in an action brought within the time prescribed
by the statute.  It allowed them credit for sums which were
in the nature of a penalty, and the right to recover had been
barred.

If we  take the view, that when the usurious interest is
stipulated for and embraced in the note, the cause of action
accrues, to recover double the amount of the interest so
agreed to be paid, then an action to recover a penalty could
be maintained before any part of the interest had been paid.
Possibly the note containing it might never be paid, yet the
debtor may have recovered and collected his judgment.  No
confusion can arise as to the meaning of the statute, if we
keep before us its language, which provides in one state of
case the forfeiture of the entire interest which a note, bill
or other evidence of debt carries with it, or which has been

agreed to be paid thereon. Whilst in a different state of case to-wit; when the interest has been paid, then the penalty is recoverable; in the one case it is for a reservation of the stipulation for the interest; whilst in the other case the payment of interest must actually have been made.

In considering this case we have fully considered the cases of Alvis, Trustee, &c v. Henderson National Bank, 89 Ky., 126; Alvis, &c. v. Henderson National Bank, 91 Ky., 142; Brown, &c., v. Marion National Bank, 92 Ky., 609; Sydner v. Mt. Sterling Bank, 94 Ky., 231. It results that the court properly canceled the note for $316.25, but erred in not finding judgment for the face of the note for $4,000, with interest from the date of the judgment.