CASE 26—ACTION BY C. N. FITZPATRICK AGAINST THE SECOND NATIONAL
BANK OF RICHMOND TO RECOVER A PENALTY FOR TAKING USURY,
CONSOLIDATED WITH TWO ACTIONS OF SECOND NATIONAL BANK OF
RICHMOND AGAINST FITZPATRICK AND OTHERS ON CERTAIN PROM-
ISSORY NOTES—JUNE 7.

# Second National Bank of Richmond v. Fitzpatrick, &c.

### APPEAL FROM MADISON CIRCUIT COURT.

JUDGMENT FOR FITZPATRICK FOR THE PENALTY AND FOR THE BANK FOR
PART OF ITS CLAIMS. THE BANK APPEALS AND APPELLEES PROS-
ECUTE A CROSS-APPEAL. REVERSED.

CROSS-APPEAL—LIMITATION—NATIONAL    BANKS—USURY—FORFEITURE
OF INTEREST—INTEREST FROM DATE OF FILING SUIT—PENALTY
FOR TAKING USURY—APPLICATION OF PAYMENTS.

Held:    1. The limitation of two years applicable to original appeals
does not apply to a cross appeal, which may be granted at any
time before trial of the appeal. Elizabethtown, L. & B. S. R.
Co. v. Catlettsburg Water Co., 110 Ky., 175, (20 R., 1632), 61
S. W., 47, followed.

2 A national bank by contracting for usurious interest forfeits all
interest only to the date of bringing suit on the note, and judg-
ment for the principal should bear interest at the legal rate from
the date of filing the petition.

3. A judgment against a national bank for twice the amount of in-
terest paid, as a penalty for taking usury, should have allowed
interest from the date of filing the petition to recover the
penalty; that being the date of the first demand therefor.

4. There may be payments of usurious interest as such which will
entitle a debtor to recover of a national bank the penalty for
taking usury, though the principal sum remains unpaid; and
such a case is presented where the interest upon one note is
included in the amount of another note, and the other note is
subsequently paid in full.

5. The penalty which may be recovered of a national bank for
taking usury is twice the amount of the entire interest paid,
and not merely twice the amount of the excess over the legal
rate.

6. The fact that payments made by the debtor have been applied by
the bank on its books to interest as such does not authorize

Second Nat. Bank of Richmond v. Fitzpatrick, &c.

the presumption that the debtor so applied them, where he had no access to the books, and no knowledge of the application made by the bank.

JUDGES BURNAM, GUFFY AND HOBSON, DISSENTING.

J. A. SULLIVAN AND A. R. BURNAM, FOR APPELLANT.

JOHN G. FITZPATRICK, R. H. CROOK AND J. TEVIS COBB, FOR APPELLEES.

(No briefs in the record.)

OPINION OF THE COURT BY JUDGE DuRELLE—REVERSING.

This appeal is on the record of three cases which were consolidated and heard together in the Madison circuit court. We shall first make a statement in the manner in which the cases originated, adopting in the main the statement of facts on behalf of the bank in regard to the dates and amounts of the money transactions; that being supported by the weight of the testimony, and the basis upon which the circuit court rendered its judgment:

The Penalty Suit. On January 9, 1896, C. N. Fitzpatrick filed his action to recover of the appellant, which is a national bank, a penalty of twice the amount of the interest paid by him on a note which he paid January 11, 1895, amounting as of that date to $2,283.51, the penalty claimed being $2,967.02. This note was a renewal of several small loans by the bank to Fitzpatrick, and included also the sum of $385, interest at an illegal rate for one year upon the larger note hereinafter referred to. The court adjudged that there was included in the amount of this note, as paid by Fitzpatrick, $1,063.15 of interest at illegal rates, and rendered judgment for twice that amount, $2,126.30, with interest from the date of the judgment,

which judgment was allowed as an offset and credit against the judgment rendered in favor of the bank upon the larger note.

The Suit upon the Larger Note. On January 10, 1896, the day after the filing of the penalty suit, the bank filed its action on a note of C. N. Fitzpatrick for the sum of $6,296.95. This note was in renewal of a number of smaller loans by the bank to Fitzpatrick, to the amount of which interest had from time to time been added and carried in the renewals. The court gave judgment in favor of the bank for $5,170, as the amount of money actually loaned by the bank to Fitzpatrick, and remaining unpaid in the note, after eliminating and forfeiting all interest contained therein. On this note, it appears, there were a number of payments, which the court appears to have held were payments of interest as such. Two installments of the interest upon this debt were, at the dates of the execution of two renewals, added to and included in the amounts of smaller notes which were subsequently paid to the bank, one of them being the note the payment of which is the basis of the penalty suit.

The Suit on the Smaller Note. On the same day on which the suit was filed upon the larger note the bank brought its action on a note for $1,648.75. This note, also, was in renewal of several smaller obligations. Two payments were made upon this consolidated indebtedness, and these appear by the judgment to have been considered as applied first to the payment of the usurious interest charged, and then to the reduction of the principal, the only interest which was eliminated being that which accrued after the last payment. The court gave judgment for $1,540.24, with interest from the date of the judgment.

The judgment sustaining the attachments sued out by the bank in the suits brought by it, and the propriety of this action, are questioned by the cross appeal. It may be said at this point that, in view of the conflicting testimony upon the attachments, we should not be inclined to disturb the finding of the circuit court.

The questions presented by the original appeal are: First. From what date should interest be allowed upon the judgments in favor of the bank? Second. In the penalty suit, should judgment go for twice the amount of the entire interest paid at the illegal rate, or only for twice the amount of the interest paid in excess of the legal rate? Upon the cross appeal the questions presented are: First. Whether the court erred in the application of payments upon the two notes sued upon by the bank, it being contended that a part, at least, of such payments should be applied to the reduction of the principal. Second. Whether the trial court should have dismissed the attachments sued out by the bank. This question has been already disposed of.

It may be observed here that the contention of appellant that the cross appeal was not sued out in time is not sustained by the record, which shows that appeal to have been taken within two years from the rendition of the judgment. Elizabethtown, L. & B. S. R. Co. v. Catlettsburg Water Co., 110 Ky. 175 (22 Ky. L. R., 1632) (61 S. W., 47). It will be observed that the only questions presented on the construction of the Federal statute which have not been disposed of by the opinion in Citizens' National Bank of Danville v. Forman's Assignee (this day decided), 111 Ky., 206 (63 S. W., 454; 23 Ky. L. R., 613), are those of the time at which interest should commence, and of the basis of recovery in the penalty suit; the remaining question raised on the cross ap-

peal being one of fact—as to whether there was a specific application of payments by the debtor to the discharge of interest at an illegal rate.

The question of the date from which the judgment should bear interest seems to us to have been settled by the case of Brown v. Bank, 169 U. S., 416 (18 Sup. Ct., 390; 42 L. Ed., 801). Said the court, through Mr. Justice Harlan, in that case: "If a bank which violates that section sues upon the note, bill or other evidence of debt held by it, the debtor may insist that the entire interest, legal and usurious, included in his written obligation and agreed to be paid, but which has not been actually paid, shall be either credited on the note or eliminated from it, and judgment given only for the original principal debt, with interest at the legal rate from the commencement of the suit." The question of the recovery of interest was before the supreme court in that case, and was decided by it. The reason for the fixing of this interest period is not stated in the opinion, but it seems to have been fixed upon the theory that when suit is brought upon such a note the demand, while in fact for more than the legal indebtedness, is, as of that date, to be treated as a demand for the amount of the legal obligation, and consequently bears interest from the date of putting the legal obligation in suit. The judgment of the trial court in this regard was therefore error. The interest should also have been allowed in the penalty suit from the date of filing the petition, that being the date of the first demand for the penalty.

It is contended that in a suit for the double penalty no recovery can be had unless it is alleged and proved that the principal sum due has been paid or tendered; and Hazeltine v. Bank, 56 S. W., 895, from the supreme court

of Missouri, is cited in support of this proposition. As we have said in the case of Bank v. Forman's Assignee, supra, the clear implication of the opinions of the supreme court is that while there can be no presumption of the application of an undirected payment to the discharge of illegal interest, when not specifically so applied by the debtor, there may be payments of usurious interest, as such, which would entitle the debtor to recover the penalty, although the principal sum remained unpaid. Clearly, if such payments can be made, a case is presented where the interest upon one note is included in the amount of another note, and the other note subsequently paid in full.

It is also contended that, as penal statutes must be strictly construed, the Federal statute should be so construed as to allow a penalty for twice the excess only, and not for twice the amount of interest paid at the illegal rate. Upon this proposition appellant relies on certain cases from Pennsylvania and one supreme court case. Of the Pennsylvania cases it may be said that they are in direct conflict with the great weight of authority and with the uniform rulings of this court in that behalf. Moreover, the supreme court case relied upon does not support its contention. That case (Bank v. Johnson, 104 U. S., 271 [26 L. Ed., 742]) was a case in which, judgment having been rendered by the New York court for twice the amount of interest in excess of the interest paid above the legal rate, the bank took the case to the supreme court, assigning for error that the New York court held that it was not entitled to the same rights as natural persons in New York to acquire business paper at any rate of interest agreed upon between the parties to the negotiation. Johnson, who was injured by the amount

of the judgment, did not prosecute a writ of error, and the question here presented could not possibly have been before the supreme court. Nor does the statute, upon any fair rule of construction, support appellant's contention in this behalf. It provides that, "in case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid," etc. If the legal rate is 6 per cent., and interest at 8 per cent. has been paid, what is the greater rate of interest which has been paid? Surely not 2 per cent., but 8 per cent. It is not the difference which is to be recovered, but the greater rate of interest—8 per cent.; and it is "twice the amount of the interest thus paid" which may be recovered under the statute, and not twice the amount of the excess above the legal rate. The statute does not prohibit the borrower. It prohibits the bank. The borrower may pay, if he wishes, and incurs no penalty thereby. The lender is forbidden to contract for interest at the illegal rate, and by such a contract, though unexecuted, forfeits the entire interest carried in the note. If it receives the interest at the greater rate, it incurs a penalty of twice the amount of the interest thus paid. Surely it is not a fair construction of the statute which would make the penalty less for the accomplished violation of the statute than that denounced for a mere contract to violate it. We are of opinion that there was no error in the judgment of the circuit court in this respect.

There remains the question of the application of the payments upon the two notes upon which suit was brought by the bank. Certain of these payments appear to have

been specific payments of interest, as such, by the debtor, accompanied by a renewal of the obligation for its face. Others of the payments, however, appear from the evidence to have been general payments to the bank, with no application by the debtor, except in so far as such application may be presumed by law, or from his supposed acquiescence in the bank's mode of keeping its books, to which he did not have access. As we have held, there is no such presumption of law; and we do not think the debtor can be presumed to have made an application of his payment to interest, as such, from the fact that the bank so applied the payments on its books without his knowledge.

The circuit court will have no difficulty in appropriating the payments in accordance with the views expressed here and in the Danville Bank case, supra.

For the reasons given, the judgment is reversed upon the original and cross appeals, and cause remanded with directions to the circuit court to enter a judgment in accordance herewith.

Whole court sitting except Judge Burnam—Judges Guffy and Hobson dissenting.