## Moss et al. v. First National Bank of Horse Cave's Receiver.

(Decided Nov. 21, 1933.)

TERRY L. HATCHETT and WILLIAM P. BURKES for appellant.

JOHN E. RICHARDSON and CARROLL M. REDFORD for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

On January 30, 1922, L. L. Moss and W. S. Moss, appellants herein, borrowed of the First National Bank of Horse Cave, Ky., the sum of $3,000, which is evidenced by their note bearing the above date, and which was due and payable on January 30, 1923. On the date of the execution of the note the bank reserved $240 interest one year in advance, which was a rate of 8 per cent. per annum. The note was renewed from year to year and payments made and credited thereon in the total sum of $2,771.70. The last renewal of the note was on December 30, 1929, which renewal was for the sum of $2,000. The last three renewals contained interest at the rate of 6 per cent. per annum.

In March, 1931, the bank, then in the hands of re-

ceivership and in process of liquidation, instituted this suit in the Hart circuit court to recover of appellants the sum of $2,000 with 6 per cent. interest thereon from December 30, 1930, until paid.

Appellants filed their answer in which they admitted the execution of the note, but alleged that the transaction was usurious and asked the court to purge the transaction of usury and apply all payments made on the note from the date of its inception, to the principal indebtedness, which would leave a balance of $228.30, which sum they tendered as full and complete settlement. They further pleaded in their answer that because of the illegal acts of the bank in charging usurious interest and contracting therefor, it thereby forfeited the entire interest and was entitled only to collect the principal sum. A demurrer was filed to the answer, which was overruled, whereupon appellee, plaintiff below, filed its reply, in which it denied, among other things, that the bank had forfeited its right to collect legal interest on the said note of $3,000 on any renewals thereof, and further stated in paragraph II of the reply that "said note was renewed for the principal sum of $3,000.00 in March, 1923, by note dated January 30, 1923 which note was due and payable on January 30, 1924, and on said date, towit: March 1, 1923, the defendant paid the sum of $210.60 on said note in which they contracted to pay 7% interest thereon and on said date paid the bank $210.60," and further alleged that the note was again renewed on January 30, 1924, payable January 30, 1925, and again renewed on February 20, 1925, for the principal sum of $2,500, and on each of these renewals appellant contracted to pay 7 per cent. interest thereon. It is further specifically stated in the reply that the defendants have not legally paid any interest on said indebtedness, but have only contracted for interest.

The defendants filed a demurrer to the second paragraph of the reply and at the same time filed a rejoinder, in which it denied, among other things, that any interest had been paid on the note. The court overruled the demurrer to the second paragraph of the reply and the defendants thereupon moved the court to strike from the record the rejoinder, which motion was sustained and the rejoinder was stricken and withdrawn from the record. Defendants declined to plead further

and judgment was entered for plaintiff for the sum of $1,775.47, with 6 per cent. interest thereon from February 17, 1930, until paid. From that judgment this appeal is prosecuted.

Obviously this sum was arrived at by the trial court by first crediting the principal sum of the note and each renewal thereof by applying the respective payments or credits on the note to the legal rate of interest and the excess or usury therein paid, if any, to the principal, according to the well-known methods of partial payments. Appellee concedes that the transaction should be purged of usury, and contends that the chancellor was correct in his conclusion that appellee was entitled to legal interest (6 per cent.) and the excess or usurious interest applied to the principal, and in support of its contention cites and relies upon a number of state (Kentucky) and United States Supreme Court cases, all of which, in our view, are inapplicable to the state of facts disclosed by this record, and the law applicable thereto. The bank involved herein being a national bank, the state laws are applicable only in so far as it fixes the legal rate of interest to be charged in this state. The decisions of the United States Supreme Court as to the construction of the federal statutes are conclusive upon all state courts and are exclusive of state laws in so far as state legislation purports to affect a national bank is concerned. Haseltine v. Central Nation Bank (No. 2), 183 U. S. 132, 22 S. Ct. 50, 46 L. Ed. 118; Schuyler National Bank v. Gadsden, 191 U. S. 451, 24 S. Ct. 129, 48 L. Ed. 258; Barnet v. Muncie National Bank, 98 U. S. 555, 25 L. Ed. 212. This being true, it is necessary that we revert to the decisions of the Supreme Court for a proper determination of the question here presented. Section 85 (title 12 USCA, U. S. Rev. Statutes, sec. 5197) does no more, in effect, than set out the rate of interest that national banks shall charge in the various states in which they operate. Section 86 (title 12 USCA, U. S. Rev. Statutes, sec. 5198) prescribes the remedy which may be resorted to in a usurious transaction with a national bank, as follows: (1) Cases wherein usurious interest has been taken, received, reserved, or charged, in which case it shall be a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it or which has been agreed to be paid thereon. (2) In

case usurious interest has been paid, the person paying it may recover back twice the amount of the interest thus paid from the creditor so receiving the same. The latter rule (2, section 5198, supra) has no application to the instant case, because appellants do not seek to recover the interest charged, but, on the contrary, seek to forfeit the entire interest under rule (1), as provided in section 5198, supra.

It is admitted by appellee by its reply that the transaction was usurious (excepting the last three renewal notes), and it specifically pleaded that no interest had been paid on the note, which plea is undenied and which we take as conclusive in determining the question herein involved.

When a national bank charges interest at a higher rate than the legal rate fixed by the state of its location, it forfeits its right to any interest. U. S. Revised States, secs. 5197, 5198 (12 USCA secs. 85, 86); Citizens' National Bank v. Forman's Assignee, 111 Ky. 206, 63 S. W. 454, 757, 23 Ky. Law Rep. 613, 56 L. R. A. 673. And payments unappropriated specifically by the debtor himself are by law used to reduce the original principal, and the bank is entitled to recover only the principal, less such payments, with legal interest from date of filing suit. Brown v. Marion National Bank, 169 U. S. 416, 18 S. Ct. 390, 42 L. Ed. 801; Citizens' National Bank v. Forman's Assignee, 111 Ky. 206, 63 S. W. 454, 757, 23 Ky. Law Rep. 613, 56 L. R. A. 673; Second National Bank v. Fitzpatrick, 111 Ky. 228, 63 S. W. 459, 23 Ky. Law Rep. 610, 62 L. R. A. 599; Marion National Bank v. Thompson, 101 Ky. 277, 40 S. W. 903, 19 Ky. Law Rep. 436.

We now revert to the consideration of the question relating to the last three renewal notes, including the one sued on herein.

It is argued for appellee that inasmuch as the note sued on contracted for legal interest only it is entitled to recover thereon. But this contention is not supported by the authorities on this subject. In Brown v. Marion National Bank, supra (page 418 of 169 U. S., 18 S. Ct. 390, 391) it is said:

"The forfeiture declared by the statute is not waived * * * by giving a separate note for the interest, or by giving a renewal note in which is in-

cluded the usurious interest. No matter how many renewals may have been made, if the bank has charged a greater rate of interest than the law allows, it must, if the forfeiture clause of the statute be relied on, and the matter is thus brought to the attention of the court, lose the entire interest which the note carries or which has been agreed to be paid. By no other construction of the statute can effect be given to the clause forfeiting the entire interest which the note, bill, or other evidence of debt carries, or which was agreed to be paid, *but which has not been actually paid.*"

(Italics ours.) In the same opinion (page 420 of 169 U. S., 18 S. Ct. 390, 392) the court said:

"By the terms of the act of congress [the national bank act (12 USCA sec. 21 et seq.)] the charging of such rates of interest [in excess of the legal rate] worked a forfeiture of the entire interest which the several notes carried with them. Now, such forfeiture was not waived by the giving of subsequent notes, although, as respects them, the agreed rate of interest was a legal rate. They were mere renewals, and given without any new consideration. Nor did the new notes operate as payment of the debts for which they were given. In so far, then, as the notes in suit embraced the forfeited interest, they are without consideration. Moreover, it is an established principle that, if there be usury in the original transaction, it affects all consecutive securities, however remote, growing out of it; and neither the renewal of the old nor the substitution of a new security, between the same parties, can efface the usury. The bank incorporated in the new notes usurious interest, previously charged, as a part of the new principal, and this illegal consideration pervaded *the whole subsequent series of notes.* Upon each fresh renewal interest was charged upon usurious interest, which had entered into the prior notes as principal."

In view of the facts disclosed by this record, in light of the authorities herein cited, it is our conclusion that this case falls clearly within the rule and provisions of section 5198 of the Revised Statutes (12 USCA sec. 86), and that the chancellor erred in overruling the demurrer to paragraph II of appellee's reply.

For reasons indicated the judgment must be, and is, reversed, with directions to sustain the demurrer to paragraph II of the reply with leave to amend, and for proceedings consistent with this opinion.

Whole court sitting.