## Lindon et ux. v. Morgan County Nat. Bank.

(Decided Nov. 25, 1938.)

LEEBERN ALLEN for appellants.

W. M. GARDNER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee and defendant below, the Morgan County National Bank, is a corporation organized under the acts of Congress, with power to conduct a general banking business which it is now and has been for a number of years operating in the town of Cannel City, Morgan County, Kentucky.   Prior to November 3, 1927 —on that day and since then—the appellants and plaintiffs below, R. T. Lindon and wife, Myrtle Lindon, executed various notes to defendant evidencing loans to

them by it, and in some if not all of the notes it was stipulated that they bore 8 per cent interest.

The testimony of plaintiff, R. T. Lindon, shows that such rate of interest was paid by him in advance at the time of the execution of the notes up to the time of their due dates, which in most instances was a period of four months. When they were renewed the same advance payments of interest were made, and if any of the notes were consolidated into a larger one the same advance payments of interest were made. None of the interest was incorporated in any of the notes as a part of its principal, nor were any of them discounted, and the interest taken out of their face value by defendant. In other words, the transactions uncontradictedly evidence a process of dealing whereby all interest was paid to defendant and none of it charged in or taken out of any note.

The usurious rate of interest was, perhaps, so paid until November 20, 1932, when a consolidated note for the sum of $3,000 was executed to defendant by plaintiffs, due four months after date, and was renewed thereafter from time to time. Whether any interest paid on that note, after the consolidation, was or not at the rate of 8 per cent is not made clear by the testimony; but it is shown beyond dispute that no more than 6 per cent interest was charged and paid throughout a period of more than two years immediately preceding the filing of this action by plaintiffs against defendant in the Morgan circuit court on August 16, 1935. Plaintiffs sought by their petition to recover of defendant judgment for double the amount of all interest they had paid defendant, amounting to $1,429.23, which made the amount of $2,858.46, for which they prayed judgment.

The action was based upon section 86, title 12 U. S. C. A., U. S. Revised Statutes, section 5198. The immediately preceding section (5197 of the U. S. Revised Statutes, 12 U. S. C. A., section 85) prescribes that national banks shall not be permitted to charge or collect interest on loans made by them at a higher rate of interest than that prescribed by the law of the jurisdiction in which they are located and doing business, provided there is a maximum rate of interest prevailing in the jurisdiction; but if none, then they are authorized to charge as interest not exceeding 7 per cent annually. In this jurisdiction where defendant operated its bank

the maximum rate of interest to be charged is 6 per cent, and any amount above that rate is usury. The answer of defendant denied all the material averments of the petition and in another paragraph it pleaded the two years limitation prescribed in section 5198, supra, of the federal statutes, which section in its entirety says: "The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case a greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same: Provided, That such action is commenced within two years from the time the usurious transaction occurred."

In the two cases of Marion National Bank v. Thompson, 101 Ky. 277, 40 S. W. 903, 19 Ky. Law Rep. 436, and Moss v. First National Bank of Horse Cave's Receiver, 251 Ky. 390, 65 S. W. (2d) 88, the interpretation given to section 5198, supra, of the U. S. Revised Statutes, as construed by the federal courts—including the U. S. Supreme Court—was followed by us as it was our mandatory duty to do. That interpretation was and is that the federal statutes provides for two situations— (1) where the usurious interest had not been actually paid by the borrower, but only charged by the lender and the amount thereof (consisting of the total amount of interest at the usurious rate) is incorporated in the face value of the obligation executed by the borrower, and (2) where the usurious interest is paid by the borrower to the lender and was not incorporated in the obligation as a part of its face value. Where the facts produced situation (1), the bank, in attempting to enforce the collection of its note, was liable to have the entire interest due on the obligation forfeited at the instance of the borrower and which, of course, permitted the bank to recover only the amount of its principal actually advanced to the lender without any interest whatever. But where the facts disclosed situation (2) where the usurious rate of interest was actually paid by the borrower, then the latter could, by an independent action (such as the instant one) recover of the lender, not

only the entire interest paid by the borrower, but double that amount as a penalty for charging and collecting usurious interest.

One of the cases decided by the Supreme Court giving such interpretation to the federal statutes (section 5198, supra) is that of Brown v. Marion National Bank, 169 U. S. 416, 18 S. Ct. 390, 42 L. Ed. 801, and that distinguished tribunal has frequently since then adhered to the interpretation made in the Brown Case. The same is also true with reference to the holdings of state courts, including this one, in determining questions arising under the involved section of the federal statute.

The trial court to whom this action was submitted, after evidence taken, dismissed the petition, and complaining of that judgment plaintiffs prosecute this appeal. The court assigned no reasons for its judgment, but clearly it was concluded that more than two years had elapsed since any usurious interest had been collected by defendant and paid by plaintiffs before they filed their independent action, and which, under the express provisions of the federal statute upon which the action was based, their right to maintain it was barred. There was, therefore, no alternative course for the court to adopt than to dismiss the petition because the action—though once existing—had become barred under the very statute giving the right to maintain it.

Wherefore, for the reasons stated, the judgment is affirmed.