### HERSHEY v. ANDERSON.

### No. 1821.

District Court, W. D. Kentucky.

May 8, 1940.

Grover G. Sales, and Sam S. Blitz, both of Louisville, Ky., for plaintiff.

Peter, Heyburn, Marshall & Wyatt, of Louisville, Ky., for defendant.

MILLER, District Judge.

This action was instituted by John F. Hershey to recover from the receiver of the National Bank of Kentucky approximately $8,000 with interest, being twice the amount of interest paid by Hershey to the receiver on a note executed to the National Bank of Kentucky prior to its going into receivership. It is brought under the provisions of Sections 5197 and 5198 of the Revised Statutes, which are Sections 85 and 86 of Title 12 U.S.C.A.

Section 85 of Title 12 U.S.C.A., provides in substance that a national banking association may receive and charge on any loan or discount interest at the rate allowed by the laws of the State where the bank is located. In Kentucky the statutory legal rate of interest is 6%. Section 86 of Title 12 U.S.C.A. provides as follows: "The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same: Provided, That such action is commenced within two years from the time the usurious transaction occurred. (R.S. § 5198.)"

Prior to January 15th, 1929, Hershey had had numerous transactions with the National Bank of Kentucky, the details of which are not necessary in the consideration of this case. On January 15th, 1929, he executed a note to the National Bank of Kentucky for $20,000, evidencing his indebtedness at that time, which note carried 6% interest and was due April 15, 1929. This note was renewed from time to time until the indebtedness was finally represented by a note of August 14, 1930, in the amount of $20,000 due November 2, 1930, with interest at 6%. This note was secured by 800 shares of stock of the Standard Oil Company of Kentucky, 50 shares of stock of the Commonwealth and Southern Corporation, 50 shares of stock of the Atlantic Refining Company, 100 shares of stock of American Turf Association and 100 shares of stock of the Cherokee Coal Company. On November 17, 1930, The Comptroller of the Currency appointed a receiver for the National Bank of Kentucky who took charge of the bank's assets including the note referred to. The original receiver was later succeeded by the defendant Anderson, who ultimately collected, by dividends, voluntary payments and sale of most of the collateral, the entire principal of the

$20,000 note and interest at 6% to the date of payment. Payments and dividends received from collateral were applied to principal. No interest was paid until on or about January 19, 1935, when the receiver sold the remaining collateral and applied the proceeds to the unpaid principal balance and to the payment of interest. The interest payment was in the amount of $3,997.42.

The petition alleges, which allegations are sustained by the proof, that on October 24, 1929, the National Bank of Kentucky required the plaintiff to execute his promissory note for $3,500 payable to the bank with 6% interest. The proceeds of this note were used to purchase a certificate of deposit in the principal amount of $3,500 due April 24, 1930, which certificate of deposit did not bear any interest. The certificate of deposit was pledged as collateral on the $3,500 note. The plaintiff was required to enter into this transaction as a prerequisite to the subsequent renewals by the bank of his outstanding $20,000 note. This $3,500 note was likewise renewed by the bank and finally took form in plaintiff's note to the bank dated October 24, 1930, in the principal amount of $3,500 and due February 24, 1931, with 6% interest, and secured by the original certificate of deposit. This note likewise came into the possession of the receiver on November 17, 1930. This note was later paid on the books of the receiver by offsetting as of November 17, 1930, the certificate of deposit against the note, with minor adjustments for interest and payment of the tax on bank deposits. It is the plaintiff's contention that this arrangement of the bank which required him to borrow $3,500, at 6% interest, which he did not want or need and was not permitted to use by reason of being invested in a non-interest bearing certificate of deposit, was merely a device and subterfuge to charge the plaintiff more than the legal rate of 6% on the $20,000 indebtedness of the bank, and accordingly resulted in a violation of Section 86 Title 12 U.S.C.A., and upon being paid to the receiver at a later time entitled the plaintiff to recover from the receiver twice the amount of the interest thus paid. The defendant contends that even if the transactions referred to are construed as charging an illegal rate of interest, yet no cause of action exists against the receiver in that the statute gives such a right of action against "the association taking or receiving the same", and does not give it against the receiver of such an association. The defendant further insists that even though the statutes should be construed as giving a right of action against the receiver, yet it is applicable only in cases where the receiver knowingly received the illegal interest, and that the term "knowingly" should be construed as meaning actual knowledge instead of implied or constructive knowledge. The defendant further contends that even though a cause of action exists against the receiver, and the receiver is legally charged with knowledge of all the facts pertaining to the making of the loan, even though no actual knowledge is proven, yet the plaintiff's recovery is limited to the interest collected by the receiver at the illegal rate, which in the present case ran only to November 17, 1930. This contention is based upon the proposition that since the usurious transaction was terminated on November 17, 1930, by offsetting the $3,500 certificate of deposit against the $3,500 note no illegal excessive interest was collected on the indebtedness after the payment of interest to November 17, 1930.

Although the defendant does not concede that the transactions between the plaintiff and the bank involving the purchase of the noninterest-bearing certificate of deposit constituted an usurious transaction, yet no serious effort is made to defend plaintiff's charge that the transaction was in substance a violation of the statute. It is well settled that the court will consider the substance of the transaction rather than the form in which it is presented, and if it is in substance a receiving or contracting for the receiving of usurious interest for a loan of money, the parties are subject to the statutory consequences no matter what device they may have employed to conceal the true character of their dealings. Hurt v. Crystal Ice & Coal Storage Co., 215 Ky. 739, 286 S.W. 1055. Considering the transaction in its real light it seems rather plain that it was a device on the part of the bank to collect from the borrower on the $20,000 loan outstanding more than the 6% interest allowed by the law. Since the transaction was a usurious one it comes within the provisions of the statute and forfeits the entire interest which the note carried with it

and which the plaintiff had agreed to pay. Brown v. Marion National Bank, 169 U. S. 416, 18 S.Ct. 390, 42 L.Ed. 801; National Bank of Daingerfield v. Ragland, 181 U.S. 45, 21 S.Ct. 536, 45 L.Ed. 738; Lindon v. Morgan County National Bank, 275 Ky. 556, 122 S.W.2d 126. This is true even though the original note has been renewed by the maker. Moss v. First National Bank of Horse Cave's Receiver, 251 Ky. 390, 65 S.W.2d 88; Williams v. Eagle Bank, 172 Ky. 541, 189 S.W. 883. The plaintiff is accordingly entitled to recover of the defendant the amount of interest retained by the defendant from the proceeds of the sale of the collateral in January, 1935, in the amount of $3,997.-42, with interest from date of payment.

The question still remains whether the plaintiff is limited to this recovery, or is entitled to recover "twice the amount of the interest thus paid from the association taking or receiving the same" as provided by the statute. The defendant contends that the phrase "the association taking or receiving the same" does not include the receiver of the association; that the statute is plain and unambiguous, and the court has no power to enlarge its terms by judicial construction or judicial legislation.

The plaintiff contends that the appointment of a receiver for an insolvent national bank does not dissolve the corporate existence, which view is supported by the authorities. Rosenblatt v. Johnston, Receiver, 104 U.S. 462, 26 L. Ed. 832; McNulta v. Lockridge, 141 U.S. 327, 12 S.Ct. 11, 35 L.Ed. 796; Chemical National Bank of Chicago v. Hartford Deposit Bank, 161 U.S. 1, 16 S.Ct. 439, 40 L.Ed. 595. It is also true that although the receiver is an officer of the United States Government rather than an agent of the corporation, as are its officers and employees, (see United States v. Weitzel, 246 U.S. 533, 38 S.Ct. 381, 62 L.Ed. 872) yet the receiver acts on behalf of the bank for the purpose of liquidating its affairs, and his acts in carrying out the liquidation are the acts of the corporation by reason of the relationship imposed by law, regardless of the term used to designate that relationship. Cowdrey v. Galveston, etc., R. R. Co., 93 U.S. 352, 23 L.Ed. 950; Bereth v. Sparks, 7 Cir., 51 F.2d 441, 80 A.L.R. 909. If we adopt a strict and literal construction of the statute, as contended for by the plaintiff,

"the association" in the present case received the interest which it had no right to collect. The funds of the association have been increased to that extent for the benefit of its creditors and stockholders; it is immaterial whether it was received through the medium of its president, cashier, teller, or its receiver. But in the court's opinion the question is more than a literal reading of the words of the statute. The status of a national banking association while engaged in the banking business is radically different from its status while in the hands of a receiver, although its corporate existence still exists. In the first instance it is a going concern, operating for the purpose of making money for its stockholders; in the second instance its business activities have ceased and it is being liquidated for the benefit of its creditors. The statute is evidently directed towards the association while engaged in business for the purpose of preventing it from taking an advantage over its customers who come to borrow money. The provision allowing double recovery was not to reward the borrower, but to penalize the association and its stockholders in order to prevent it from charging usury on other loans. The borrower is fully protected by the first sentence of Section 86 which permits him to recover all interest actually paid by him. The interest of future borrowers is the interest served by the imposition of the penalty, contained in the second sentence of Section 86. While the association is in receivership there is no interest of future borrowers to protect. If the penalty is imposed against the receiver, it is not paid by the stockholders against whom it is directed, but will be paid by the creditors, who are the very persons for whose benefit the receivership was imposed. Neither the creditors nor their representatives had anything to do with the making of the contract calling for usurious interest, nor did they have any control over the receiver's action in taking the interest. To construe the statute as contended for by the plaintiff would be to unjustly enrich the plaintiff at the expense of creditors innocent of the wrongdoing complained of by the plaintiff. A penal statute is not to be so construed as to bring about such an anomolous result unless the legislative intent to accomplish that result is clearly indicated. The court finds no such indication from the general

wording of the statute under consideration, which deals generally with national banking associations while engaged in business. The plaintiff is given full relief by the recovery of the illegal interest retained by the receiver with interest from the date of retention. His claim for double recovery is denied.

This ruling makes it unnecessary to pass upon the other defenses made by the defendant.