Judge Graham
delivered the opinion of the Court.
Moffitt, a judgment creditor of James M. Talbott, brought this suit to reach the estate of his debtor in the *82 hands of John G. Talbott and Hawkins. It appears., by the answers of the defendants, that on the 21st January, 1847, John G. Talbott, for a balance due on settlement, executed his note to defendant, James M. Talbott, for the sum of $1169, payable 1st June, 1847, who, shortly after its execution, transferi’ed it to Hawkins. The subpoena in chancery was executed on the Talbotts in March, 1847, and they were, by endorsement on it, notified that the object of the bill was to enjoin and restrain John Talbott from paying to his co-defendant, James, or any one for him, the sum of $725, until the hearing of the bilk Notwithstanding this warning and notice, John Talbott, on the 6th of July,. 1847, paid' to Hawkins $600, in part of said note.
One greatly indebted sold all his interest in his grandfather’s estate, worth $1100. for $475 & ten years boarding in future. Held that such contract ms fraudulent.
Hawkins, in his answer to an amended bill, exhibits a written contract between himself and James Talbott, purporting to have been made a short time before the action at law was commenced by Moffitt, by which contract, Talbott sold to Hawkins all his interest in his grandfather’s estate, (which Plawkins states consisted of the aforesaid note,) in consideration, “the said Hawkins, is to give up to Talbott, notes he holds against him for upwards of $400, and is to pay a note to Curd for $75, and Hawkins is to board the said Talbott ten years, or so long as the said Talbott remains single and agrees in the family; if he leaves Hawkins, then Hawkins is not bound to pay any other boarding.” Hawkins is also to furnish Talbott in such clothes, as Hawkins, may think suitable, for five years.
Hawkins, it is true, sets up in his answer, that he has demands against Talbott beyond those named in the agreement. That being in writing, is the best evidence of the contract between the parties, but is not conclusive of the amount of indebtedness of Talbott to Hawkins. Be that as it may, the parol proof of payments or advances, &c., falls short even of the amount specified in the writing.
It is not necessary to advert particularly to the depositions in the cause. We think the defendant has shown by his own answer and exhibit, that the contract ought *83 not to be sustained. A young man, embarrassed by debt, a careless spendthrift, (as is proved by a witness,) transfers an estate of $1169, for a consideration hot exceeding $500, and for the further consideration of being maintained ten years. A debtor cannot be permitted thus to dispose of his estate to the hindrance and delay of his creditors. To sanction such contracts, would be virtually declaring that by agreements for future boarding, clothing, &c., for a term of years, long enough to exhaust all the debtor’s property, almost every creditor may be precluded from coercing the collection of his demands. The transaction is manifestly fraudulent, and ought to have been so declared, instead of being sustained, as it was in part at least, by the decree of the Court. If .the transaction was in good faith, and not fraudulent and void as to creditors, it was improper to compel Hawkins to board and clothe Talbott, and at the same time be required to pay the complainant the value of that boarding and clothing. We think, however, that as to the complainant, in this suit, the. contract should be held to be void. As Talbott made payment to Hawkins after the service of process on him, and in total disregard of the legal warning not to pay, he might well be subjected to a decree for the entire amount of the complainant’s demands against James M.
Talbott. Certainly he should be decreed to pay the residue of his note and interest remaining due, after deducting the $600 paid to Hawkins; and Hawkins should be decreed to pay so much of the complainant’s debts, interest, and costs, as may remain due to him, after deducting the amount to be decreed against John G. Talbott.
This Court does not regard the settlement of Haw - kins, as guardian, which has been brought up by certeiarari, as entitled to any consideration in this case. Although that settlement may have been among the papers of the cause, it is not made an exhibit in any of the pleadings, nor is there the slightest allusion to it in any part of the record. If parties'desire to use such documents, it is their business to see to it, that they are so presented, or used, or referred to, in some way in *84 the Court below, as to permit the Clerk to copy them in 'making up his record for this Court.
Morehead Reed and T. P. Porter for plaintiffs; J. Sf W. L. Harlan and U. Turner for defendant.
But for the reasons suggested in this opinion, the decree of the Circuit Courtis reversed, upon the original and cross-errors, and the cause remanded to that Court with directions to render a decree in conformity with this opinion.