Miller, &c. v. McConnell, &c.

---

CASE 32—ACTION BY LIZZIE MCCONNELL, &C., AGAINST ROBERT MILLER AND OTHERS TO ENFORCE A MORTGAGE LIEN.—MAY 24.

# Miller, &c. v. McConnell, &c.

APPEAL FROM FAYETTE CIRCUIT COURT—WATTS PARKER, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS.    AFFIRMED.

MORTGAGES—ENFORCING LIEN—PLEADING—CONDITIONS AND BREACHES—AVERMENTS—APPEAL—TECHNICAL ERRORS DISREGARDED.

1. A petition in a suit to enforce mortgage liens should set out both the conditions of the mortgage and the breach of the conditions, and the fact that the mortgage is filed with the petition can not supply omissions.

2. Under Code of Practice, sec. 134, providing that no error in pleadings shall be considered on appeal that did not affect the substantial rights of the complaining party, where, in a suit to enforce mortgage liens the execution of the mortgage was admitted and the parties tried out the only issues presented, and the judgment on the merits was for the right parties, and was not questioned, such judgment should not be reversed because of the failure of the petition to set out the conditions of the mortgage or their breach.

Z. GIBBONS AND O. B. AMBROSE, ATTORNEYS FOR APPELLANTS.

In this action to enforce mortgage liens appellants complain of the judgment:

1. Although the mortgages were filed, the conditions upon which they were to become absolute were not stated in the pleadings. No facts were stated from which it would appear to the court that any conditions were contained in the mortgages or were broken.

2. An exhibit will not cure a defective pleading or supply averments omitted in the petition.

### CITATIONS.

Tye v. Catchings, 78 Ky., 463; Riggs v. Maltby, 2 Metc., 88; Calvin v. Duncan, 12 Bush, 101; Williams v. Abrams, 3 Bush, 186; Hill v. Barrett, 14 B. Mon., 83; Huffaker v. N. B. Monticello, 12 Bush, 287; Gardner v. Con. Ins. Co., 25 R., 426; Murphy v. Estes, 6 Bush, 532.

BRECKINRIDGE & SHELBY AND W. WORTHINGTON, FOR APPELLEE, MRS. McCONNELL.

On the trial of this case no issue was made upon the pleadings by demurrer or otherwise, but the issue was as to the failure of the consideration of the notes for which the mortgage was executed to secure which issue was tried out and decided in favor of the appellee.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

The petition and cross petition seeking to collect debts owing by appellants to appellees, secured by mortgages, failed to set out the condition of the mortgages or their breach. The only issue made was whether the consideration had partly failed as to one debt and as to certain payments upon the other. On these issues the circuit court adjudged the case in favor of appellees, the suing creditors. The judgment also decreed an enforcement of the mortgage liens and sale of the mortgaged property to satisfy them. This appeal presents the sole question whether the judgment of sale was proper under the state of pleading.

Undoubtedly, good pleading requires the conditions of the mortgage to be set out in the petition, as well as that the breach of the condition be alleged. The fact that the mort-

gage is filed with the pleading can not aid its defects or supply omissions in the pleading. The rule is, an exhibit may be looked to to contradict a pleading, and make it bad, but not to help it. Riggs v. Maltby & Co., 2 Metc., 88; Hill v. Barrett, 14 B. Mon., 83; Murphy v. Estes, 6 Bush, 532; Huffaker v. Monticello, 12 Bush, 287; Gardner v. Con. Ins. Co., 75 S. W., 283, 25 Ky. Law Rep., 426. But the parties in this case have tried out the only issues presented. So far as the judgment goes upon the issues presented, it is not questioned, and seems to us to be right. The Code of Practice, section 134, requires that no error in pleading shall be considered on appeal that does not affect the substantial rights of the party complaining. The execution of the mortgages is expressly admitted. The only effect of a reversal on account of the technical lapse of the pleaders would be to impose costs upon appellees, with no benefit whatever to appellants. While technical rules of pleading and practice are maintained and are valuable to protect the rights of parties, the modern practice and aim as brought about by our Code system is to prevent them being used, as formerly, to defeat the ends of justice. When they cease to protect the complainant, and are invoked by him merely to injure the other party, they ought to be ignored by the courts after judgment upon the merits. Riggs v. Maltby, *supra.*

Judgment affirmed.