## Louisville & Nashville Railroad Company v. Williams.

(Decided January 30, 1920.)

### Appeal from Washington Circuit Court.

1. Carriers—Passengers—Personal Injuries—Damages—Excessive.— Where in a passenger's action for personal injuries the evidence showed that the injury to his foot was permanent and the injury to his back was probably permanent, that his nervous system had been greatly shocked and impaired, that his suffering had been intense and would probably continue for some time to come, and the case was one where a finding of punitive damages was properly authorized, a verdict for $6,000.00 was not excessive.

2. Appeal and Error—Evidence—Prejudicial Error.—In a passenger's action for personal injuries caused by a wreck, the original admission of his evidence that there were numerous dead and injured people all around him, and of the evidence of other witnesses as to the number of people killed and injured, was not prejudicial where the evidence was subsequently excluded by the court and it was more than probable that the information conveyed by the evidence was already known to the jurors.

3. Trial—Reception of Evidence—Order of Proof—Depositions.— Civil Code of Practice, section 606, subsection 3, declaring that no person shall testify for himself, in chief, in an ordinary action after introducing other testimony for himself, in chief, nor in an equitable action, after taking other testimony for himself, in chief,

does not disqualify a party from testifying for himself, in chief, in an ordinary action, merely because he. has taken the depositions of other witnesses which were not read to the jury.

BENJAMIN D. WARFIELD and W. C. McCHORD for appellant.

J. W. S. CLEMENTS and W. F. GRIGSBY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

J. M. Williams brought suit against the Louisville & Nashville Railroad Company to recover damages for personal injuries. From a verdict and judgment in his favor for $6,000.00 the railroad company appeals.

On December 20, 1917, plaintiff was a passenger on defendant's local train, No. 41. While this train was standing at Shepherdsville, defendant's fast passenger train, No. 7, ran into it, injuring and killing a number of passengers. The car in which plaintiff was riding was split open, and plaintiff was thrown upon the track, where he lay bleeding and unconscious, with his clothes practically torn from his body. He was then carried to a hospital where he remained for about a week, when he was placed on a stretcher and taken in an ambulance to the train which carried him to Springfield. For two months he lay in bed, being unable to rise or sit up except with the support of his hands. He was taken to Louisville where he had braces fitted for his back, and he was then able to walk on crutches. He received several cuts and bruises about his body, two of the bones in his foot grew together, and any weight on his foot caused him great pain. There was a loss of motion in his back and he could not move his back without great pain. There was also a semi paralysis of his lower limbs. During all this time his suffering was intense, and still continues. The accident was a great shock to his nervous system, and he was still in a highly nervous condition at the time of the trial, which occurred several months after the accident. The company's physicians testified that plaintiff's injuries were only temporary, and that he would soon recover therefrom.

It is first insisted that the verdict is excessive. Taking into consideration the fact that there is evidence tending to show that the injury to plaintiff's foot is permanent and that the injury to his back is probably per-

manent, that plaintiff's nervous system has been greatly shocked and impaired, that his suffering has been intense and will probably continue for some time to come, and the further fact that the case is one where the jury were properly authorized to find punitive damages, we are unable to say that the verdict is so excessive as to strike us at first blush as being the result of prejudice or passion.

Complaint is made of the fact that plaintiff was permitted to state that there were numerous dead and injured people all around him, and other witnesses testified as to the number of people killed and injured in the wreck. Without passing on the admissibility of this evidence, it is sufficient to say that it was subsequently excluded by the court, and we are unable to perceive how its original admission was prejudicial in view of the great probability that it furnished no information to the jury not already known to them.

Section 606, subsection 3, provides that no person shall testify for himself, in chief, in an ordinary action after introducing other testimony for himself, in chief, nor in an equitable action, after taking other testimony for himself, in chief. It will be observed that the section makes a distinction between ordinary actions and equitable actions. In the former, a party cannot testify for himself, in chief, after introducing other testimony for himself, in chief, while in the latter he cannot testify for himself, in chief, after taking other testimony for himself, in chief. Hence in an equitable action a party cannot give his deposition, in chief, after he has taken the depositions of other witnesses, in chief; Cumberland Tel. & Tel. Co. v. Overfield, 127 Ky. 548, 106 S. W. 242; but in an ordinary action a party is not disqualified from testifying by merely taking the depositions of other witnesses, in chief. He must go further and introduce the testimony by reading the depositions. Were the rule otherwise, a party would have to wait until after he had testified before he could take the depositions of other witnesses. In this case plaintiff testified before the depositions of other witnesses were read. That being true, no objection based on the above section of the Code was available.

We find no merit in the other errors relied on.

Judgment affirmed.