## Redwine v. Hunter.

(Decided June 13, 1930.)

M. M. REDWINE for appellant.

W. E. MOBLEY and J. B. ADAMSON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

V. H. Redwine seeks to reverse a judgment on two notes of $400 each recovered against him by John C. Hunter.

In 1920 Jno. C. Hunter owned some property in Sandy Hook upon which a mill was erected by the par-

ties named below, who then made this contract with each other.

"Sandy Hook, Ky., August 28, 1920.

"Whereas J. C. Hunter, E. E. Sparks, C. B. Hunter and V. H. Redwine are equal partners and owners of the Sandy Hook Milling Company now operating in Sandy Hook, Kentucky, and as J. C. Hunter owns the lot in which the mill is located it is agreed that each is to receive one fourth of the profits and pay one fourth of the ,losses and it is agreed they are to have the use of the house and lot as long as it is used for a mill by them or their assigns.

"V. H. Redwine
"C. R. Hunter
"E. E. Sparks
"Jno. C. Hunter."

Later, it is claimed, Jno. C. Hunter conveyed the property whereon the mill is located to his wife; still later he and his wife are alleged to have conveyed it to Harold Adkins. While there is evidence concerning these conveyances, no copies of them are in the record.

At some time Redwine bought out C. R. Hunter, and Jno C. Hunter claims he sold out to Redwine on September 25, 1922, and that these two notes represent the purchase price.

Redwine admits the execution of the notes, but denies·delivering them. Redwine says these notes were not to be delivered until a contract signed by Mrs. Hunter, who was then the owner of the real estate, on which the mill was situated, was given him, giving him the right to keep this mill thereon, and that Jno. C. Hunter obtained possession of these notes by improper means. Later Redwine bought out Sparks.

Jno. C. Hunter filed an ordinary action against Redwine to collect the notes. Redwine filed an action in equity against Jno. C. Hunter, Emma Hunter, and Harold Adkins, to cancel the notes and settle the partnership which he insists was then existing between him and Jno C. Hunter.

After the proof was taken, the common-law action was transferred to equity and consolidated with the equity case, and, upon a hearing of them, the court gave a judgment against Redwine for the notes sued on.

Redwine says in his evidence he is ready and willing to pay these notes, if he can get a contract for the use of the property on which the mill stands and that which is used in connection with the mill. This contract for which he asks is no more than a renewal of the contract copied above; true, the contract copied says nothing about the use of water from the well, but the parties have construed it to include that and to include the use of a lot for stock, and have so used and permitted such use of this property since the mill was erected, and so construed it gives Redwine everything the proposed contract would give him.

Either Jno. C. Hunter, Emma Hunter, or Harold Adkins owns this real estate, all three of them are parties to this equity action, and none of them has answered. Adkins and Mrs. Hunter have taken whatever rights they have in this property, since the mill was there, with full knowledge of how the property was being used. Redwine has been using the property and operating the mill since he gave these notes just as the partners did before. He had not been disturbed and he has operated it as his own, without consulting Hunter in any way.

Redwine pleaded these notes were never listed for taxation, as required by section 4019a-13, Ky. Stats., and introduced proof to that effect, but Jno C. Hunter listed them later and so testified.

Redwine excepted to the deposition of Jno. C. Hunter, in the ordinary action, because it was given after he had taken the deposition of R. C. Hunter. In an ordinary action it is not the taking but the reading of a deposition that controls. See L. & N. R. Co. v. Williams, 186 Ky. 680, 217 S. W. 915. There is nothing to show in what order these depositions were read.

Redwine says his petition in equity should have been taken for confessed, but overlooks the fact that he agreed it might be controverted of record, and it was.

In March, 1929, Redwine filed an amended answer, and to meet the issues made by it, Jno C. Hunter gave his deposition on March 9, 1929. The court gave Redwine an opportunity to take further proof if he so desired. He took none, and his contention that the cause was submitted on March 16th, without an opportunity for him to take further proof, is without merit.

Redwine's demurrer to Jno. C. Hunter's petition was overruled, and he is complaining of that. It is his contention one partner cannot sue another except for a dissolution of the partnership. He overlooks the fact that the very existence of a partnership was in issue, and the chancellor has found it had been terminated.

There is no reason for disturbing the finding of the chancellor. The judgment is affirmed.