# Thomas et al. v. Aldridge.

(Decided September 29, 1931.)

TAYLOR G. SMITH and A. B. THOMASON for appellants.

BENTON & DAVIS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment setting aside a deed executed by M. W. Thomas to his daughters, Millie

2

A. Thomas and Elsie M. Thomas, and another deed executed by M. W. Thomas to his son, Matt Thomas, and his daughters, Millie A. and Elsie M. Thomas.

The facts are these: On July 16, 1924, M. W. Thomas executed and delivered to L. C. Aldridge his promissory note for several hundred dollars. On February 14,.1925, the payor, M. W. Thomas, "in consideration of the sum of One Dollar, cash in hand Paid, and for the love and affection which the first Party has for the second Parties," executed and delivered to his two daughters a deed conveying to them certain tracts of land in Clark county. On May 29, 1926, he conveyed to his daughters and son certain tracts of land in Clark county and two lots in Winchester. The consideration for the last deed was "One dollar, cash in hand paid, and certain other good and valuable considerations."

Aldridge obtained judgment on the note in December, 1929. Execution was issued and returned "No property found." Thereafter this suit was brought to set aside the deeds on the ground that they were voluntary. After both sides had taken proof by deposition Aldridge filed an amended petition alleging that the two conveyances were made with the intent to delay, hinder, and defraud creditors. The evidence disclosed that the grantees in the two deeds paid nothing for the property conveyed, but the grantor claimed that the true consideration for the deeds was the agreement by the grantees to take care of him the rest of his life and discharge a certain mortgage on the property. There was further evidence that at the time of the execution of the conveyances the grantees executed and delivered to the grantor a deed reconveying the property, and that this deed was not put to record.

Under our law one who is indebted must be just before he is generous. The note was executed prior to the conveyances, which disposed of all the grantor's property. The grantees paid nothing for the property. The statute makes a conveyance by a debtor without valuable consideration void as to his existing liabilities, Kentucky Statutes, sec. 1907, and, even if it be true that the grantees assumed the mortgage against the property, or agreed to support the grantor, neither undertaking was sufficient to support the conveyances as against an existing liability. Campbell v. First National

Bank of Barbourville, 234 Ky. 697, 27 S. W. (2d) 975; Hawkins v. Moffitt, 10 B. Mon. 81; Walker v. Williamson, 177 Ky. 599, 198 S. W. 10. Not only so, but the evidence of the reconveyance of the property by the grantees to the grantor at the time the deeds were executed, coupled with the further evidence that the grantor wanted his tenant to change the rent note and make it payable to his daughters instead of himself, was sufficient to bring the case within the purview of section 1906, Kentucky Statutes. In the face of these facts it is clear that the chancellor did not err in setting aside the conveyance.

But the point is made that the case was prematurely submitted. These are the facts: The answer was filed at the April term, 1930, and the case continued to the September term. Depositions for the plaintiff were taken on September 2d and September 5th. Depositions for the defendants were taken on September 12th. After all the depositions were taken, plaintiff on September 15th filed an amended petition alleging that the two conveyances were made with intent to delay, hinder, and defraud creditors. On September 16th defendants moved to strike the amended petition. On September 23d plaintiff moved for a submission of the case, to which there was no objection. On September 23d defendants filed a special and general demurrer, and also an answer to the amended petition. On October 4th a motion to strike, and the special and general demurrers were over-ruled, and the case was submitted for judgment without objection. The judgment was prepared and entered as of that date. Before the judgment was recorded, the defendants filed a motion asking for a new trial on certain grounds. On the filing of this motion the court entered an order giving the defendants until November 8th to file in the clerk's office an affidavit stating the names of any witnesses whose testimony they desired to procure, and the character of the evidence the witnesses would be expected to give; it being further provided in the order that, if this was done, the judgment should not be entered and recorded, but that an order would be entered continuing the case and giving the defendants until the 20th day of November to take such additional evidence. The order also provided that, if the affidavit was not filed by November 8th, the judgment should be prepared and entered as of October 4th. The order recites that the defendants failed and declined to

file such an affidavit, and stated by counsel that they did not desire to file such an affidavit. The court then over-ruled the motion for a continuance and entered the judgment. Thus it will be seen that not only was there no showing by defendants that there was other evidence which the defendants could have obtained, but that the court gave them abundant opportunity to take further evidence if they desired. In the circumstances, defend-ants were in no wise prejudiced by the action of the court, and are not in a position to complain that the case was prematurely submitted. Redwine v. Hunter, 235 Ky. 208, 30 S. W. (2d) 892. In the case of Wakenva Coal Company, Inc., v. Johnson, 234 Ky. 558, 28 S. W. (2d) 737, the facts were different. The allegations of the amended petition were denied by answer filed on Sep-tember 10, 1929, which was the second day of the first term after the petitions were filed. The case therefore did not stand for trial at that term. Civil Code of Prac-tice, sec. 367a-5. Without hearing any evidence, or giv-ing defendant an opportunity to offer evidence, the alle-gations of the amended petition could not be taken as true. In the circumstances the action of the court in that case was prejudicial error.

Appellants also insist that the court should have sustained their demurrer to the petition. The basis of this contention is that the allegation of the petition that each of the deeds was made without valuable considera-tion was a mere legal conclusion. Without deciding whether, under the facts, the petition was demurrable, it is sufficient to say that appellants did not stand on their demurrer, but filed an answer denying that the deeds were made without valuable consideration. There-after evidence on the question was heard without objec-tion, and judgment was rendered. In the circumstances the alleged defect in the petition was cured by the evi-dence and judgment.

We find no error in the record prejudicial to the substantial rights of appellants.

Judgment affirmed.