## Owens v. National Bank of John A. Black.

(Decided Dec. 15, 1933.)

H. H. OWENS for appellant.

W. R. LAY for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On August 11, 1931, one J. I. Mitchell executed and delivered to appellee and plaintiff below, National Bank of John A. Black, his promissory note with the appellant and defendant below, Hiram H. Owens, as his surety. It was the last renewal of an indebtedness similarly created about ten years prior thereto and at the time, as well as on the occasion of each renewal, plaintiff charged and collected 8 per cent. interest from the principal in the note, except for a period of about two years prior to the execution of the last renewal, which is the one sued on. It not having been paid when due, this action was filed in the Knox circuit court by plaintiff against defendant, Owens, to recover thereon, the principal, Mitchell, having become a nonresident of the state and, perhaps, insolvent.

The answer of the defendant first sought to require plaintiff to exhaust some collateral security, that Mitchell had pledged to it, before taking judgment against him and to effectuate that contention that paragraph of the answer was made a cross-petition against Mitchell who was brought before the court on constructive service. Another paragraph of the answer sought to require plaintiff to forfeit (a) all the interest on the note, and then (b) to recover from it, or to enforce a credit on the balance due, of twice the amount

of interest charged and collected, upon the ground that section 5198 of the Revised Statutes of the United States (12 USCA sec. 86), prescribing penalties for the charging and exacting of usurious interest by national banks, entitled him to do so.

Plaintiff's demurrer filed to that paragraph of the answer was sustained, whereupon defendant amended his answer and withdrew his prayer for relief by forfeiting the entire interest, or collecting, or obtaining credit for double the amount of interest, and sought to purge the amount of usury that had been paid by the principal (Mitchell) from the beginning of the creation of the indebtedness by applying it as payments made on the principal. A demurrer was sustained to that amendment, and, defendant declining to plead further, judgment was rendered against him for the full amount of the note, and complaining of it, he prosecutes this appeal.

Plaintiff, being a national bank, is governed by the provisions of sections 5197 and 5198 of the Federal Statutes (12 USCA secs. 85, 86), supra, relating to the rate of interest that national banks may charge and collect and prescribing the penalities for violations thereof. The first one (section 5197 [12 USCA sec. 85]) permits such banks to charge exact and collect the same rate of interest allowed by law within the jurisdiction in which the bank is located, "and no more"; but, when no such legal rate is prescribed, then the national bank may charge not exceeding 7 per cent. interest. It will, therefore, be perceived that section 5197 does no more than limit the rate of interest that a national bank may charge and collect. The other section (5198 [12 USCA sec. 86]) defines the rights and penalties given to, and imposed upon, the parties when a higher rate of interest is exacted. They are: (a) That is a usurious rate of interest is agreed upon, but none has been actually paid, then the makers of the note when sued on it may ask for and obtain a forfeiture of the entire interest, and plaintiff in that state of case may recover only the principal; and (b) that, where usurious interest was charged and actually paid, then the one making the payment may recover from the bank double the amount of interest charged in a separate action brought for that purpose by the one who paid it, provided it be done within two years from the time of payment. There is no provision in that sec-

tion, or any other federal statute, authorizing a credit as payment on the unpaid note, or balance thereof, of the usurious interest charged and collected from the beginning of the creation of the debt as is true in the case of a note not executed to a national bank.

The right to enforce such credits is usually denominated as one entitling the maker of the note when sued thereon to offset against the unpaid balance the amount of usury that has been charged and collected by the lender. But no such right is open to the obligors in a note executed to a national bank. A very recent case before us in which the law was so declared is that of Moss v. Receiver of the First National Bank of Horse Cave, Kentucky, 251 Ky. 390, 65 S. W. (2d) 88. In that opinion the authorities, and cases from this court, and some by the Supreme Court of the United States, so construing and applying the federal statute, supra, are set out and to which reference is made. An interesting and instructive annotation on the subject is found in 13 A. L. R., beginning on page 1244, and which follows the reported case of Gladwin State Bank v. Herbert L. Dow (212 Mich. 521, 180 N. W. 601), reported on page 1233 of that volume. Summarizing the condition of the law on the subject, the learned annotator near the close thereof says: "The recovery of usury paid to national banks being controlled exclusively by the acts of Congress, no other remedy than that provided by Congress can be availed of. Consequently, since the federal statute allows nothing in the way of relief except an action of debt for twice the amount of the interest paid, usurious interest previously received by a national bank in the course of renewals of a series of notes, terminating in the one on which the action is brought, cannot be allowed by way of set-off or payment on the principal. Barnet v. Muncie Nat. Bank (1878) 98 U. S. 555, 25 L. Ed. 212; Driesbach v. Second National Bank (1881) 104 U. S. 52, 26 L. Ed. 658; Stephens v. Monongahela Nat. Bank (1884) 111 U. S. 197, 28 L. Ed. 399. 4 S. Ct. 336; Haseltine v. Central Nat. Bank (1901) 183 U. S. 132, 46 L. Ed. 118, 22 S. Ct. 50; Oldham v. First Nat. Bank (1881) 85 N. C. 240; Stephens v. Monongahela Nat. Bank (1878) 88 Pa. 157, 32 Am. Rep. 438."

Defendant in this case himself paid no interest on the indebtedness of Mitchell at any time from its inception. He, therefore, occupies no position that would

entitle him to recover double the amount of interest so paid, as is provided for in subdivision (b), supra, even if he had endeavored to do so in a separate in-dependent action. However, he is further precluded from doing so, if otherwise entitled to that relief, because he did not commence his action for that purpose within two years from the time the usurious interest was paid, if it had been made by himself. He would, perhaps, have been entitled to a forfeiture of all the interest on the particular renewal note (the last one) upon which he was sued, if it had contained any usury; but he expressly averred that the agreement for a usurious rate of interest was abandoned about two years before that note was executed, and neither it nor any renewal during that period of abandonment contained or embodied any agreement to pay usury. It, therefore, results that the court did not err in sustaining the demurrer filed by plaintiff to such defenses, and in rendering the judgment appealed from when defendant declined to plead further.

Wherefore the judgment is affirmed, the whole court sitting.