## Catron et ux. v. Rasnick et al.

(Decided May 5, 1936.)

TYE, SILER, GILLIS & SILER and J. F. CATRON for appellants.

J. D. TUGGLE for appellees.

Opinion of the Court by Creal, Commissioner—
Affirming.

J. F. Rasnick et al., as trustees for depositors and creditors of the First National Bank of Barbourville, have recovered judgment against J. F. Catron for the sum of $1,300, with interest from April 1, 1933, on a note executed by the latter to such bank and for the enforcement of a mortgage lien to secure payment of the note under and by virtue of a mortgage executed by J. F. Catron and Rachel Catron, his wife, to the bank. The Catrons are prosecuting this appeal.

As grounds for reversal it is argued in substance (1) that the court erred in adjudging a mortgage lien on the land therein described and in ordering a sale thereof; (2) that appellees were not entitled to recover because the note sued on had never been listed for taxation or the taxes paid thereon; (3) that the bank, having charged and reserved usurious interest on the loan, forfeited all interest; and all payments made by the makers should be credited upon the principal.

Concerning the first ground it is argued in effect that, since neither the mortgage nor a certified copy thereof was filed with the petition or introduced in evidence and the allegations of the petition with reference thereto were mere conclusions of the pleader without setting out the terms, purpose, or effect of the mortgage, the court erred in adjudging that appellees acquired or had a mortgage lien and in directing a sale of the land to satisfy the judgment.

After setting up the execution of the note, it is alleged that:

"Simultaneously with the execution of said note and to secure the payment thereof, they signed, executed and acknowledged and delivered to said bank a mortgage, which was accepted by it, and by it caused to be recorded in the clerk's office of the Knox county court in mortgage book U, page 538. A copy of said mortgage is filed herewith as a part hereof."

It is further alleged that the land described in the mortgage is situated in Knox county on Indian creek, and a description thereof is set out in the petition.

The answer merely denied the execution and delivery of the note and mortgage "other than as a renewal note" and as an amendment to her answer, Rachel Catron denied that she executed the note sued on or that she owed plaintiffs $1,300 or any sum, and further denied that she signed the mortgage sued on except as the wife of J. F. Catron.

From the foregoing it will be seen that appellants did not specifically deny the execution of the mortgage, and in her separate answer Mrs. Catron in effect admits its execution. It is therefore apparent that this ground is without merit and cannot be sustained.

In the answer as amended it is alleged that neither appellees nor the individual depositors or creditors had listed the note sued on for taxation with the tax commissioner of Knox county nor paid the taxes thereon. It is urged by counsel for appellants that, since this affirmative plea stands uncontroverted and there is no proof that the note was listed for taxation or that taxes thereon were paid, the failure to list the note and pay the taxes thereon as pleaded was a complete defense under section 4019a-13, Kentucky Statutes, and the court erred in rendering judgment against appellants.

As appears from the record, the bank was closed by proclamation of the President of the United States and was by order of the Comptroller of Currency placed in the hands of a conservator. All this was done pursuant to act of Congress of 1933 known as the Bank Conservation Act (12 U. S. C. A. sec. 201 et seq.). The appointment of appellants as trustees for depositors and creditors was merely a part of a reorganization plan, and under the law the placing of the bank in the hands of a conservator was in effect the same as placing it in the hands of a receiver. State and national banks make reports and are assessed under the provisions of section 4019a-10, Kentucky Statutes, and the assessing officers of counties, cities, towns, and taxing districts only assess the shares of a bank and its real estate for taxation; and do not assess its notes and other securities. Section 4019a-10 applies to banks in the course of reorganization or liquidation, and, when the Bank Conservation Act is considered in connection with our statutes, it is apparent, and we are con-

strained to hold, that in the circumstances appellees were not required to list the note in controversy with the county assessing authorities. Therefore section 4019a-13, supra, relied on, affords appellants no defense.

Notes for $1,000 and $300 respectively were executed by J. F. Catron to the bank in 1923 which provided for interest at the rate of 8 per cent. These notes were renewed from time to time until they were consolidated into one note for $1,300, which was likewise renewed from time to time. The first renewal called for interest at 8 per cent., but finally, about 1929, the renewals provided for 6 per cent. interest. It further appears that J. F. Catron made various small payments. Obviously both the bank and Mr. Catron treated these payments as interest since the principal of the note remained the same. In their original answer appellants alleged that the bank took and received these payments as interest at a usurious rate, but in an amended answer withdrew this allegation and alleged in substance and effect that the notes provided for usurious rates of interest, but that no interest was actually paid or received by the bank, the payments being made without any designation as to how they should be applied; that, having been paid without any designation or direction as to how they should be applied, they should have not been applied to the payment of usurious interest but to the payment of the principal; that the bank, having contracted for and exacted usury, forfeited all right to any interest, and the payments made should have gone as credits on the principal.

Mr. Catron's evidence concerning the payments was somewhat vague and evasive. One of the officials of the bank who had looked after the renewals in recent years testified that the payments were made to cover interest on the note but that he did not look after the earlier renewals. Unquestionably Mr. Catron knew and understood that the payments were intended and treated as interest, since the renewals were all for the same amount as the original indebtedness.

In the recent case of Owens v. National Bank of John A. Black, 252 Ky. 292, 66 S. W. (2d) 518, 519, the

rule respecting usurious interest contracted for or paid to national banks is clearly and tersely set out as follows:

"It will therefore, be perceived that section 5197 [12 U. S. C. A. sec. 85] does no more than limit the rate of interest that a national bank may charge and collect. The other section (section 5198 [12 U. S. C. A. sec. 86]) defines the rights and penalties given to, and imposed upon, the parties when a higher rate of interest is exacted. They are: (a) That if a usurious rate of interest is agreed upon, but none has been actually paid, then the makers of the note when sued on it may ask for and obtain a forfeiture of the entire interest, and plaintiff in that state of case may recover only the principal; and (b) that, where usurious interest was charged and actually paid, then the one making the payment may recover from the bank double the amount of interest charged in a separate action brought for that purpose by the one who paid it, provided it be done within two years from the time of payment. There is no provision in that section, or any other federal statute, authorizing a credit as payments on the unpaid note, or balance thereof, of the usurious interest charged and collected from the beginning of the creation of the debt as is true in the case of a note not executed to a national bank."

It is our conclusion that the usurious interest, if any, involved in the transaction has actually been paid, and therefore, under the quoted excerpt from the Owens Case, supra, appellants were not entitled to ask a forfeiture of the interest in this action, but may enforce any right they may have respecting usurious interest paid in a separate action as therein indicated.

Judgment affirmed.