# Catron et al. v. Jones et al.

Nov. 28, 1939.

164

J. F. Catron for appellants.

W. R. Lay and J. J. Tye for appellees.

Opinion of the Court by Stanley, Commissioner—
Affirming.

The appeal is from a judgment on six notes aggregating the principal sum of $1,575 and the enforcement of a mortgage in favor of trustees for the depositors of the defunct National Bank of John A. Black, of Barbourville, Kentucky, against J. F. Catron and others, who were his sureties. A reversal of the judgment is sought upon three grounds, namely, insufficiency of the petition, premature trial, and error in denying relief from usury.

The original of the several notes sued on had been executed from time to time, and at least one of them went back as far as February, 1922. It appears there was no security other than personal surety until November 22, 1933, when Catron and wife executed a mortgage on nine tracts of land to secure the debt.

The petition is inaptly drawn and defectively so with reference to the mortgage. It merely states that the defendants, Catron and wife, on the date named, executed and delivered to the bank a mortgage, on described land, to secure it and its successors and assigns a lien on the property, and that same should be sold to satisfy the debt. The prayer is that the plaintiffs be adjudged to have a lien against the property and that a sufficiency thereof be sold to pay the obligations. The petition states nothing about filing the mortgage as a part of it. There is a copy in the record immediately following the petition, but without endorsement, showing that it was filed. Undoubtedly the petition should have set out the instrument in terms or in substance and alleged a breach of its conditions, and as well have filed a copy of it. Miller v. McConnell, 118 Ky. 293, 80 S. W. 1103, 26 Ky. Law Rep. 181. No motion was made to require the filing of the instrument. In their answer the defendants de-

nied executing the mortgage, but did not plead non est factum. Mr. Catron, who alone of the defendants testified, made no reference to the mortgage in his deposition. A former officer of the bank, however, identified and filed an attested copy of the mortgage containing the certificate of a notary public that same had been signed and acknowledged before him by the mortgagors, Catron and his wife. In the absence of attack upon it, this certificate imported verity to the instrument. Christopher's Adm'r v. Miniard, 267 Ky. 484, 102 S. W. (2d) 978.

As in Miller v. McConnell, supra, where there was also a defective petition setting up a mortgage lien, the parties tried out the only issue presented, namely, the right of plaintiffs to have the notes credited by the usury alleged to have been paid on the previous notes. And as stated in that opinion:

"The only effect of a reversal on account of the technical lapse of the pleaders would be to impose costs upon appellees, with no benefit whatever to appellants. While technical rules of pleading and practice are maintained and are valuable to protect the rights of parties, the modern practice and aim as brought about by our Code system is to prevent them being used, as formerly, to defeat the ends of justice. When they cease to protect the complainant, and are invoked by him merely to injure the other party, they ought to be ignored by the courts after judgment upon the merits."

The omissions from the imperfect pleading in this case were not such as to prevent a correct understanding of the questions raised or the rendition of the judgment upon the entire record. We think the defect was cured by the judgment and that the substantial rights of the defendants were in no way prejudiced, so there should be no reversal of the judgment on this account. Section 756, Civil Code of Practice; Thomas v. Aldridge, 241 Ky. 1, 43 S. W. (2d) 179; City of Raceland v. McCoy, 254 Ky. 827, 72 S. W. (2d) 454; Catron v. Rasnick, 264 Ky. 58, 94 S. W. (2d) 299; Ramey v. Weddington, 268 Ky. 675, 676, 105 S. W. (2d) 824.

The appellants invoke the terms of Section 367a-5, Civil Code of Practice, providing that suits in equity shall stand for trial at the first term of court after the issue shall be completed, or shall have been completed,

30 days before the commencement of the term of court. It is claimed by the appellants that the case did not stand for trial at the February term, 1937, when the judgment was rendered. The suit had been submitted for judgment in September, 1934. Later because of the death of one of the parties there had been a revivor. Depositions had been taken and another order of submission entered in November, 1935. There was no other step taken in the case until February 26, 1937, when the plaintiffs filed an amended petition, a demurrer to the answer, and a reply. The amended petition did not present a new issue or modify an old one. It only made the petition more specific and definite in respect to the plaintiffs' authority and right to maintain the suit. The reply was only a traverse. We do not consider the case prematurely tried.

On the merits the defendants contended that all payments made throughout the years on the original notes and many renewals should be credited on the principal of the notes sued on, and as the aggregate amount exceeded the principal the plaintiffs were entitled to recover nothing. The notes sued on bore only six percent per annum interest, but many, if not all, of the notes that had gone before called for the payment of eight percent interest. The defendants' claim is based upon a Federal Statute providing that a National Bank shall forfeit the entire interest on obligations which it accepted by "taking, receiving, reserving, or charging" a rate of interest greater than that provided by the State statute. 12 U. S. Code, Sections 85, 86, 12 U. S. C. A., Sections 85, 86; Kentucky Statutes, Section 2218.

We have recently re-stated the interpretation of the Federal Statute to be that if usurious interest has not been actually paid, the maker of a note, when sued upon it, may be relieved of the payment of all interest; but if such usurious interest has been paid by or charged against the maker he must bring a separate suit in order to recover, and may not have such payments or charges credited on the unpaid note. Owens v. National Bank of John A. Black, 252 Ky. 292, 66 S. W. (2d) 518; Catron v. Rasnick, supra; Lindon v. Morgan County National Bank, 275 Ky. 556, 122 S. W. (2d) 126; Walters v. First National Bank, 273 Ky. 197, 115 S. W. (2d) 1060.

It is insisted by the appellants that the many payments on the original and various renewal notes had not

been directed to be applied as interest, and that since the bank had no right to collect any interest because of usury, those payments should be regarded as having been made on the principal of the continuing obligations. In nearly every instance the payments were for the exact amount of interest. They were credited as such and the maker of the note accepted such credits. He renewed the notes for the same amounts, with but few exceptions where small sums were credited on principal. It is not claimed that usurious interest was being asked on the notes sued on for they bore only six percent. It seems to us that whatever remedy the defendants had in this respect was to be sought in an independent suit, and that they were not entitled to have any usurious interest paid on the old notes applied as a set-off on the notes sued on. The same contentions made here were made by the appellant Catron in a suit against him by the Depositors' Committee of the defunct First National Bank of Barbourville, in Catron v. Rasnick, supra, and decided adversely to him. It must be so in this case.

The judgment is affirmed.