## Bank of Commerce of Louisville et al. v. Abell.

Dec. 5, 1944.

Abraham & Guthrie for appellants.

Oldham Clark for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

On July 1, 1935, G. W. Abell executed his promissory note in the sum of $2,000 payable on demand after date to the order of the Bank of Commerce of Louisville. On February 7, 1944, said bank brought suit on this note. Special and general demurrers having been overruled, the defendant filed his answer wherein he admits the execution of the note but pleads and relies upon the five-year statute of limitations in bar of the plaintiffs' right to recover. Afterwards, the defendant filed an amended answer in which he reiterates his plea of limitations, and further pleads that the plaintiff has no legal capacity to sue, due to the fact it has no right, title, or interest in and to the note sued on. He also pleads in this amended answer that the note sued on had not been listed for taxation, nor had taxes been paid thereon by the holder or owner, and pleads and relies upon the failure to comply with the provisions of Kentucky Statutes (KRS 132.300) in bar of the plaintiffs' right to recover thereon. The plaintiff also

filed amended petition, wherein it states that the correct names of the parties plaintiff should be Bank of Commerce of Louisville and H. G. Angermeier, T. O. Morton and F. M. Rassinier, Trustees of stockholders of the Bank of Commerce of Louisville, and asked that the action proceed in the name of the said parties plaintiff. By agreement of the parties it was ordered that the action be tried by the court without the intervention of a jury. Evidence was heard and the court adjudged that the plaintiff, Bank of Commerce of Louisville, sold, transferred and delivered the note sued on to the Peoples Bank of Louisville, Kentucky, in good faith for value and before maturity, and that by reason of same, the note was placed on the footing of a Bill of Exchange, and that the cause of action set forth in the petition did not accrue within five years next before the commencement of the action, and, therefore, collection of said note is barred by the five-year statute of limitations as provided in Kentucky Revised Statutes, Section 413.120. Whereupon, plaintiffs appeal.

Sometime within the year 1937, the Bank of Commerce of Louisville, having decided upon liquidation, entered into an agreement with the Peoples Bank of Louisville, wherein and whereby it undertook to, and did transfer to the said Peoples Bank, all the assets of the said Bank of Commerce, of every nature or character, with certain specified exceptions, termed trusteed assets, in consideration of which the Peoples Bank assumed and agreed to pay all deposits and all outstanding cashier's checks and certificates of deposit issued by said bank. The parts of said contract or agreement pertinent to this action are found in portions of paragraph 2, and in paragraphs 3 and 4, as follows:

"2. In consideration of the agreement set forth in the succeeding paragraph, the first parties undertake to and will cause the Bank of Commerce to transfer and assign to the second party all of the assets of said Bank of Commerce of every nature or character, except as hereinafter specified, such assets including but not limited to the following:

"All property, property rights, privileges, franchises, and other property or property rights owned, used or possessed by the Bank of Commerce, including its corporate name, good will and business of every kind and nature, excepting only the following assets

which are to be held in trust by the second party as herein specified, to-wit:

"(1)  Note of I. G. Vaughn in the sum of $16,000.00

"(2)  Note of Zelma G. Morton and H. T. Parrot for the sum of $30,000.00

"(3)  Note of T. O. Morton for the sum of $30,000.00

"(4)  Note of J. W. Buchanan for the sum of $32,000.00

"(5)  Note of Buchanan-Lyons Company for the sum of $10,000.00

"(6)  Note of R. Walker Wilson for the sum of $10,000.00 and H. T. Parrott

"(7)  All typewriters, posting machines, adding machines, and other movable furniture and equipment.

"Each of the assets above enumerated and herein referred to as trusteed assets shall be deposited by the Bank of Commerce with the second party, as Trustee, for a period of twelve (12) months from date thereof, and the second party may, in its uncontrolled discretion, sell, transfer, renew, collect or otherwise dispose of any or all of said assets and may sue and recover thereon and shall not be liable for any mistake of judgment, but shall only be liable for its intentionally wrongful acts as Trustee. * * * At the end of twelve (12) months period, any and all of the assets then remaining in the hands of the Trustee shall be turned over and delivered by the Trustee to T. O. Morton and the undersigned stockholders for the use and benefit of the Bank of Commerce stockholders in proportion to their respective stock ownership and interest in the Bank of Commerce as of the date of this contract.  There is filed herewith an itemized schedule of the property purchased in so far as the same is presently known to the parties.

"3. In consideration of the foregoing, the second party hereby assumes and agrees to pay all deposits of this date in the Bank of Commerce as shown by the books of said bank, and agrees to pay all outstanding cashier's checks and certificates of deposit issued by said bank, including individual deposits and bills payable, and liability of first party under its lease of its banking building, and a complete detailed statement of said liabilities so assumed is attached hereto and

made part hereof, but it is expressly understood that the second party assumes no liability to the stockholders of the Bank of Commerce except as is expressly stipulated above.

"4. The parties of the first part bind themselves that whenever requested they will execute and will cause the Bank of Commerce to execute any and all writings which may be deemed necessary and proper to vest in said party of the second part title to and possession of any and all property, real and personal, hereby sold and assigned, or which shall expedite or facilitate the collection of any note, discount or draft or other claim, and that whenever requested they will execute or cause the Bank of Commerce to execute any such additional assignments or legal documents as may be useful or necessary to evidence the real intent of this agreement."

Later, the Peoples Bank was taken over by the State Banking Department for the purpose of liquidation. Apparently, the note in question, together with other notes that had formerly been charged off by the Bank of Commerce, was among the assets of the Peoples Bank. During the process of liquidation of the said Peoples Bank, and in an action between the said Peoples Bank and the Bank of Commerce, an agreed judgment was entered in the Jefferson Circuit Court, Chancery Branch, First Division, wherein it was agreed that the trusteed assets excepted in the agreement above, and all the notes, including the Abell note sued on, which were charged off items of the Bank of Commerce, and to which the said Peoples Bank or its liquidating agent had no title, were returned to H. G. Angermeier as Trustee for the stockholders of the Bank of Commerce. Thereafter, and as stated above, on the 7th day of February, 1944, the instant action was instituted.

The appellee contends that since his pleas of no legal capacity to sue and failure to comply with the provisions of Kentucky Revised Statues 132.300, relative to the listing of said note for taxation, were unchallenged, they should be taken as confessed. To this position of the appellee, we cannot attach significance. This question seems not to have been raised below. However, in view of the fact that this suit was brought on an unendorsed note made payable to order; that it was returned by the Peoples Bank under a disclaimer of

title to Trustee of Stockholders of the Bank of Commerce, it is obvious that the real parties in interest are parties to this action. It is further obvious, that it was unnecessary for a listing of said note for purposes of taxation, and Section 132.300 of Kentucky Revised Statutes affords the appellee no defense. This question is clearly settled in the case of Catron v. Rasnick et al., 264 Ky. 58, 94 S. W. 2d 299, 301, in which the court said:

"The appointment of appellants as trustees for depositors and creditors was merely a part of a reorganization plan, and under the law the placing of the bank in the hands of a conservator was in effect the same as placing it in the hands of a receiver. State and national banks make reports and are assessed under the provisions of section 4019a-10, Kentucky Statutes, and the assessing officers of counties, cities, towns, and taxing districts only assess the shares of a bank and its real estate for taxation; and do not assess its notes and other securities. Section 4019a-10 applies to banks in the course of reorganization or liquidation, and, when the Bank Conservation Act is considered in connection with our statutes, it is apparent, and we are constrained to hold, that in the circumstances appellees were not required to list the note in controversy with the county assessing authorities. Therefore section 4019a-13, supra, relied on, affords appellants no defense."

This leaves for decision, then, the question as to whether or not this note was placed on the footing of a Bill of Exchange so as to make the five-year statute applicable. Appellants contend that the note was transferred to the Peoples Bank after maturity, and, consequently, the Peoples Bank did not become a holder in due course, so as to place the note upon the footing of a Bill of Exchange. True, the note was payable on demand. Mr. Angermeier, as President of the Bank of Commerce, claims he made demand before the period of liquidation. This was denied by the defendant. Anyway, the note was not transferred until about 25 months after date of execution. However, in view of the following, it will be unnecessary to discuss this question. The all important and controlling fact in this case is the date of the endorsement. Our negotiable instrument law differentiates, as to the time of negotiation, between instruments payable to bearer and to order. Paragraph 356.030, Kentucky Revised Statutes states as follows:

"An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer, it is negotiated by delivery; if payable to order, it is negotiated by the endorsement of the holder, completed by delivery."

The status therefore of the Peoples Bank of Louisville, with regard to the paper must be based alone on a negotiation. The instrument sued on is payable to order and can be negotiated only by the endorsement of the Bank of Commerce and completed by delivery. It is evident that the Peoples Bank of Louisville, was holder of the instrument without endorsement throughout the entire time it was in its possession. Such a holding vested in the transferee such title as the Bank of Commerce had, subject, however, to any defense available against said Bank of Commerce. While it is true, the Peoples Bank acquired, not only as a matter of law, but under Paragraph 4 of the agreement above, the right to have the endorsement of the Bank of Commerce, yet until such endorsement had actually been given, the Peoples Bank held only an equitable title, while the Bank of Commerce had the legal title. In order to determine the time when a transferee becomes a holder in due course, it is necessary to look at the date when the endorsement is actually made as that is the time negotiation takes effect for that purpose. This is statutory. Kentucky Revised Statutes, 356.049.

"Where the holder of an instrument payable to his order transfers it for value without endorsing it the transfer vests in the transferee such title as the transferor had therein, and the transferee acquires, in addition, the right to have the endorsement of the transferor. But for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the endorsement is actually made."

In support of this, see also the cases of Karsner v. Cooper, 195 Ky. 8, 241 S. W. 346, 25 A. L. R. 159; Lawyers' Realty Co. v. Bank of Ludlow et al., 256 Ky. 675, 76 S. W. 2d 920, and cases cited therein.

The note in question was payable to order. It was never endorsed and was returned to original payee under a disclaimer of title, and was in payee's posses-

sion at time of instituting suit. The court below was in error in adjudging the note to be on the footing of a Bill of Exchange and that the collection thereof is barred by the five-year statute of limitations.

Judgment reversed.

Whole Court sitting.